IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINCEY HATTEN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:20-CV-998-ECM-KFP ) |
| MICHAEL CHADWICK, et al., | ) ) |
| Defendants. | ) |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Quincey Hatten, an inmate at the Dale County Jail in Ozark, Alabama, filed this pro se 42 U.S.C. § 1983 Complaint on November 27, 2020.[1] He alleges that law enforcement officials Michael Chadwick, Sergeant Cody Evan, Captain Michael Bryan, Chief Marlous Walker, Josh Wasden, and Tyler Harrington subjected him to excessive force by beating him in the head with a flashlight on January 20, 2017, causing him to sustain a broken shoulder and broken ribs. Doc. 1 at 2–4.

**II.   STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court reviews his Complaint under 28 U.S.C. § 1915(e)(2)(B),[2] which requires a court to dismiss a complaint if it

---

[1] Although the Clerk stamped the Complaint "filed" on December 7, 2020, Hatten signed his Complaint on November 27, 2020. The law is well settled that a pro se inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Therefore, the Court considers November 27, 2020, as the date of filing.

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and failure-to-state-a-claim analysis

determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success" and appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law when, among other things, the defendants are immune from suit, the claim seeks to enforce a right that clearly does not exist, or there is an affirmative defense that would defeat the claim, such as the statute of limitations. *Id.* at 327; *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v.*

---

in *Neitzke v. Williams*, 490 U.S. 319 (1989) was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348–49.

*Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim for relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

Pro se pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the Court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 556 U.S. at 681. Finally, a pro se litigant "is subject to the relevant law and rules of

court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Based on a careful review of the allegations in Plaintiff's Complaint, the Court concludes dismissal of the Complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## III. DISCUSSION

Hatten's asserted challenge to Defendants' conduct that occurred on January 20, 2017, is filed outside the statute of limitations for a federal civil action filed under 42 U.S.C. § 1983.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). The limitations period begins to run when the cause of action accrues, and this is a question of federal law. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) he was injured and (2) who inflicted the injury. *Id*. at 561–62.

By its express terms, the tolling provision of Ala. Code § 6-2-8(a) provides no basis for relief to Hatten from application of the time bar.[3] Therefore, the statute of limitations for Hatten's excessive force claim began to run on January 21, 2017,[4] and expired on January 22, 2019.[5] Because Hatten filed this action on November 17, 2020, his claim is barred by the two-year period of limitations.

Unquestionably, the statute of limitations is a matter that may be raised as an affirmative defense. When a plaintiff proceeds in forma pauperis in a civil action, however, a court may sua sponte consider affirmative defenses apparent from the face of the complaint. *Clark,* 915 F.2d at 640 n.2; *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2 (citation omitted).

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the

---

[3]The tolling provision states that if an individual who seeks to commence a civil action "is, at the time the right accrues, below the age of 19 years, or insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability" to commence the action, not to exceed "20 years from the time the claim or right accrued." Ala. Code § 6-2-8(a). The Complaint does not reflect Hatten was under the age of 19 or deemed legally insane at the time of the incident described in the Complaint.

[4]In computing the federal period of limitations, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

[5]Because the last day of the limitations period for Hatten's excessive force claim fell on Monday, January 21, 2019, a legal holiday, the limitations expired the following day on Tuesday, January 22, 2019. Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.")

answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of the defendant or defendants, the district court must evaluate the merit of the claim sua sponte." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). Based on facts apparent from the face of the Complaint, Hatten has no legal basis to proceed against Defendants for conduct that occurred on January 20, 2017, as he filed his Complaint more than two years after the conduct occurred. Therefore, this case is subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## VI. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the Complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i). It is further

ORDERED that on or before **January 11, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of December, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE